OPINION
{¶ 1} Plaintiff-appellant, Lawrence Zanders, appeals from the Franklin County Court of Common Pleas' grant of summary judgment in favor of defendants-appellees, Carl S. Anderson, Warden of the Grafton Correctional Institution; Reginald Wilkinson, Director of the Ohio Department of Rehabilitation and Correction ("DRC"); and Margarette T. Ghee, Chairperson of the Ohio Adult Parole Board. For the following reasons, we affirm.
 {¶ 2} On September 24, 1991, a jury convicted Zanders of one count of grand theft, a felony in the third degree. Because Zanders failed to appear before the Summit County Court of Common Pleas ("Summit County Court") for sentencing on this count, the Summit County Court issued a capias for his arrest. After Zanders was arrested, he pled guilty to failure to appear.
 {¶ 3} On October 18, 1991, the Summit County Court sentenced Zanders to two consecutive terms of imprisonment: (1) two to ten years imprisonment for his grand theft conviction, and (2) one to five years imprisonment for his failure to appear conviction. However, the Summit County Court suspended this sentence and placed Zanders on probation for two years.
 {¶ 4} Almost one year into his term of probation, Zanders drove his car off a road, striking and killing two pedestrians. After a trial, a jury convicted Zanders of two counts of involuntary manslaughter and one count of failure to drive within the marked lanes. Based upon his involuntary manslaughter convictions, the Summit County Court revoked Zanders' probation and activated his sentence for the 1991 convictions. In its January 29, 1993 journal entry revoking Zanders' probation, the Summit County Court ordered that Zanders receive jail-time credit from the day he was initially jailed — October 25, 1992.
 {¶ 5} On April 6, 1994, the Ninth District Court of Appeals reversed Zanders' conviction for the two counts of involuntary manslaughter. Despite this reversal, Zanders remained in prison serving his sentence for the 1991 convictions.
 {¶ 6} On March 3, 1995, Zanders was again indicted for killing the two pedestrians. After another trial, a jury convicted Zanders of one count of involuntary manslaughter and one count of aggravated menacing. The Summit County Court sentenced Zanders to a four to ten year term of imprisonment, and ordered that Zanders serve this sentence consecutively with his sentence for the 1991 convictions. Further, on October 8, 1998, the Summit County Court issued a journal entry ordering that Zanders "be given credit for all time served in the Summit County Jail and Grafton Correctional Institution, commencing October 27, 1992."
 {¶ 7} Over ten years after he was initially incarcerated, Zanders filed a mandamus action requesting that the Summit County Court order appellees to properly execute the October 8, 1998 journal entry and reduce his sentence by the number of jailtime credit days it granted him. Zanders then filed a motion to transfer his action to the Franklin County Court of Common Pleas ("Franklin County Court") and a motion to amend his complaint. Without ruling upon the motion to amend, the Summit County Court granted Zanders' motion to transfer his action.
 {¶ 8} Upon receipt of Zanders' action, the Franklin County Court granted his motion to amend his complaint. Zanders' amended complaint changed his action from a mandamus action to a declaratory judgment action seeking a declaration that appellees improperly extended his minimum and maximum prison terms by two years.
 {¶ 9} On February 21, 2003, appellees moved for summary judgment, and argued that: (1) the Franklin County Court should dismiss Zanders' action because he did not exhaust his remedies prior to filing his action, i.e., he did not first file a grievance pursuant to R.C. 2969.26 and Ohio Adm. Code 5120-9-31; and (2) the DRC had properly calculated Zanders' aggregate minimum and maximum prison terms and Zanders did not set forth evidence proving otherwise. In response, Zanders argued that his complaint was not subject to the grievance procedure because it challenged a sentencing determination. Further, Zanders argued that appellees ignored the October 8, 1998 journal entry granting Zanders jail-time credit from October 27, 1992, and instead, only gave him jail-time credit from October 27, 1994.
 {¶ 10} On June 24, 2003, the Franklin County Court issued a decision granting appellees' summary judgment motion on two grounds. First, the Franklin County Court determined that Zanders' action, which challenged the decisions of the DRC staff, was subject to the grievance procedure and, thus, Zanders failed to exhaust his remedies by not utilizing the grievance procedure. Second, the Franklin County Court determined that Zanders failed to present evidence rebutting appellees' showing that they properly calculated Zanders' prison term.
 {¶ 11} On August 19, 2003, the Franklin County Court entered judgment on its decision. Zanders appealed from this judgment.
 {¶ 12} On appeal, Zanders assigns the following errors:
[1.] The trial court erred when granting appellees' second motion for summary judgment without first considering and addressing the merits contained in the documentary [exhibits] evidence demonstrating that appellees' [sic] are not entitled to judgment as a matter of law.
[2.] The trial court erred when granting appellees' motion for summary judgment for failing to exhaust administrative remedies, R.C. § 2969.26, with respect to appellee Margaretta [sic] Ghee, Chair of the Ohio Parole Board, when Ohio's Administrative Code 5120-9-31 does not apply to appellee Ghee.
 {¶ 13} Appellate review of summary judgment motions is de novo. Helton v. Scioto Cty. Bd. of Commrs. (1997),123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court."Mergenthal v. Star Banc Corp. (1997), 122 Ohio App.3d 100, 103. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel.Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181,183.
 {¶ 14} By his first assignment of error, Zanders argues that appellees miscalculated his sentence. We disagree.
 {¶ 15} When sentencing a defendant, a trial court must make a factual determination as to the number of days of confinement that the defendant is entitled to have credited toward his sentence. R.C. 2949.12; State ex rel. Rankin v. Ohio AdultParole Auth., 98 Ohio St.3d 476, 2003-Ohio-2061, at ¶ 7. Upon taking custody of the defendant, the DRC must reduce the sentence by the jail-time credit stated in the judgment entry. R.C. 2961.191.
 {¶ 16} If a trial court imposes multiple sentences upon a defendant, the DRC must first aggregate the sentences before reducing the sentences by the jail-time credit. Ohio Adm. Code5120-2-04(G). To aggregate consecutive indefinite sentences for felonies, the DRC must add up the consecutive minimum terms imposed to reach the aggregate minimum term and the consecutive maximum terms imposed to reach the aggregate maximum term. Ohio Adm. Code 5120-2-03(E)(1).
 {¶ 17} After calculating the aggregate minimum and maximum terms, the DRC must determine whether the consecutive sentences were imposed by multiple journal entries and, if so, whether "any particular day of confinement has been reported on more than one journal entry." Ohio Adm. Code 5120-2-04(G). If both of these conditions are met, then the DRC must determine whether to reduce the defendant's aggregate sentence by the aggregate amount of jail-time credit reported in the multiple journal entries, or whether it should only reduce the aggregate sentence by one day for each day the defendant was confined. Id. When the multiple journal entries do not report the identical number of days of jail-time credit, the DRC must not aggregate the jail-time credit if "[t]he dates of confinement are indicated in the journal entry or the sheriff's letter and some or all of the dates are reported more than once." Ohio Adm. Code 5120-2-04(G)(2)(c)(i). In other words, if the multiple journal entries give jail-time credit for duplicate dates, then "the aggregate sentence * * * shall be reduced by only one day for each day the offender was confined as indicated by the dates." Id.
 {¶ 18} In the case at bar, the Summit County Court ordered Zanders to serve three consecutive sentences: (1) two to ten years for his grand theft conviction; (2) one to five years for his failure to appear conviction; and (3) four to ten years for his involuntary manslaughter conviction. By adding together Zanders' minimum and maximum terms, the DRC determined that Zanders' aggregate minimum term was seven years, and his aggregate maximum term was twenty-five years. Next, the DRC determined that Zanders' multiple sentences were imposed by multiple journal entries, both of which indicated that Zanders was entitled to jail-time credit. However, the January 29, 1993 journal entry ordered that Zanders receive jail-time credit beginning October 25, 1992, and the October 8, 1998 journal entry ordered that Zanders receive jail-time credit beginning October 27, 1992. Although these journal entries did not report the identical number of days of jail-time credit, the dates they reported were duplicative. Accordingly, the DRC gave Zanders one day of credit for each day he was confined by calculating his aggregate sentence using October 25, 1992 as the date his aggregate sentence commenced. Adding twenty-five years to the October 25, 1992 start date and adjusting for leap years, the DRC calculated that October 18, 2017 will be the last day of Zanders' maximum prison term.
 {¶ 19} Although Zanders maintains that the DRC failed to comply with the October 8, 1998 journal entry in calculating his aggregate sentence, he does not provide a coherent explanation as to how he arrived at that conclusion. Given the DRC's compliance with R.C. 2967.191, Ohio Adm. Code 5120-2-03, and 5120-2-04, we conclude that the DRC correctly determined Zanders' aggregate maximum prison term.[1] Therefore, we conclude that the Franklin County Court properly granted summary judgment to appellees on this ground.
 {¶ 20} Accordingly, we overrule Zanders' first assignment of error.
 {¶ 21} As we have determined that the trial court properly granted summary judgment to appellees on the basis that the DRC properly calculated Zanders' maximum prison term, Zanders' second assignment of error is moot.
 {¶ 22} For the foregoing reasons, Zanders' first assignment of error is overruled, and the second assignment of error is rendered moot. The judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Bowman and Deshler, JJ., concur.
Deshler, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] Because Zanders was recently released on parole, whether the DRC properly calculated his minimum prison term is now a moot issue.