[Cite as *Cromety v. Ohio Dept. of Rehab. & Corr.*, 2016-Ohio-5947.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Warren Cromety, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 15AP-1127 |
| v. | : | (C.P.C. No. 15CV03-1954) |
| Ohio Department of Rehabilitation and Correction, Director, Gary Mohr et al., | : | (ACCELERATED CALENDAR) |
| | : | |
| Defendants-Appellees. | : | |
| | : | |

D E C I S I O N

Rendered on September 22, 2016

**On brief:** *Warren Cromety* pro se.

**On brief:** *Michael DeWine*, Attorney General, and *William D. Maynard*, for appellees.

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Plaintiff-appellant, Warren Cromety, appeals from a judgment of the Franklin County Court of Common Pleas that granted summary judgment to defendants-appellees, Gary Mohr, in his official capacity as the director of the Ohio Department of Rehabilitation and Correction, Melissa Adams, in her official capacity as chief of records in the Bureau of Sentence Computation, and Cynthia Mausser, in her official capacity as chairperson of the Ohio Adult Parole Authority (collectively referred to as appellees), on appellant's claims against them. For the following reasons, we affirm that judgment.

## I. Factual and Procedural Background

{¶ 2} In 1994, appellant entered guilty pleas to counts of attempted murder, aggravated robbery, aggravated burglary, robbery, and aggravated murder with death penalty specifications. The trial court sentenced him to a term of life imprisonment with no parole eligibility for 20 full years for his aggravated murder conviction. The sentences for his other convictions were to be served concurrently to the life sentence. In 1995, appellant pled guilty to a charge of escape. The trial court sentenced appellant to a prison term of 5 to 25 years for the escape conviction, to be served consecutively to his life sentence for aggravated murder.[1]

{¶ 3} It appears that appellant initially thought he would become eligible for parole in 2013, but at some point was told that he would not be eligible for parole until sometime in 2017. As a result, appellant filed the present action, claiming that appellees wrongfully refused to grant him a parole hearing in 2013 after he served the minimum 20 years of his aggravated murder sentence. He argued that this refusal violated the terms of his plea agreement by which he entered his guilty pleas in 1994. Appellees filed a motion for summary judgment on appellant's claims. Appellees argued that appellant was not entitled to relief because he was not yet eligible for parole due to his subsequent escape prison sentence, which added five years to the minimum prison term he had to serve before becoming eligible for parole. The trial court agreed and granted summary judgment to appellees.[2]

## II. The Appeal

{¶ 4} Appellant appeals and assigns the following errors:

> [1.] The trial court erred and abused its discretion by granting summary judgment in favor of the appellees stating that there were no genuine issues of material fact based on it[s] erroneous application of R.C. 2929.41(B)(3), (C)(2), and 2967.13(I) to the instant case.
>
> [2.] The trial court erred and abused its discretion by granting summary judgment in favor of the appellees for reason of no

---

[1] As then required by former R.C. 2929.41(B)(2).

[2] The trial court also noted that appellant failed to comply with R.C. 2969.25 when he filed his action.

> genuine issue of material fact existed, when genuine issues of material facts did exist.
>
> [3.] The trial court erred and abused its discretion when it dismissed appellant's declaratory judgment complaint for failure to comply with the requirements of R.C. 2969.25(C).

## A. When was Appellant Eligible for Parole?

{¶ 5} Appellant's first and second assignments of error challenge the trial court's summary judgment ruling. Appellant argues that the trial court erred by granting summary judgment because it misapplied the law and ignored material issues of fact. We disagree.

{¶ 6} A trial court will grant summary judgment under Civ.R. 56 when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion when viewing the evidence most strongly in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party. *Hudson v. Petrosurance, Inc.*, 127 Ohio St.3d 54, 2010-Ohio-4505, ¶ 29; *Sinnott v. Aqua-Chem, Inc.*, 116 Ohio St.3d 158, 2007-Ohio-5584, ¶ 29. Appellate review of a trial court's ruling on a motion for summary judgment is de novo. *Hudson* at ¶ 29. This means that an appellate court conducts an independent review, without deference to the trial court's determination. *Zurz v. 770 W. Broad AGA, L.L.C.*, 192 Ohio App.3d 521, 2011-Ohio-832, ¶ 5 (10th Dist.); *White v. Westfall*, 183 Ohio App.3d 807, 2009-Ohio-4490, ¶ 6 (10th Dist.).

{¶ 7} The premise of appellant's claims in this case is that he was eligible for parole in 2013 after serving the minimum prison term of 20 years for his aggravated murder sentence. This premise is mistaken, however, because appellant disregards the effect his subsequent escape conviction and sentence had on his parole eligibility. Absent his escape conviction and sentence, appellant is correct that he would have been eligible for parole in 2013. However, pursuant to the version of R.C. 2967.13(I)[3] in effect at the time of his escape conviction:

> A prisoner serving a sentence of imprisonment for life with parole eligibility after serving twenty full years of

---

[3] That statute deals with parole eligibility.

imprisonment imposed pursuant to section 2929.022 or 2929.03 of the Revised Code, consecutively to any other term of imprisonment becomes eligible for parole after serving twenty full years as to each such sentence of life imprisonment, plus the minimum term or terms * * * of the other sentences consecutively imposed.

{¶ 8} Numerous other provisions, both at the time of appellant's 1995 sentence and today, provide that the minimum prison term that must be completed when serving consecutive sentences is the aggregation of the minimum terms imposed. *See, e.g.*, former R.C. 2929.41(C)(2) ("When consecutive sentences of imprisonment are imposed for felony under division (B)(2) or (3) of this section, the minimum term to be served is the aggregate of the consecutive minimum terms imposed reduced by the time already served on any such minimum term, and the maximum term imposed is the aggregate of the consecutive maximum terms imposed."); former R.C. 2967.25 ("A person serving several indeterminate sentences consecutively becomes eligible for parole upon the expiration of the aggregate of the minimum terms of his several sentences."); R.C. 2967.13(B) (prisoner serving life sentence with parole eligibility after 20 years becomes eligible after 20 years "plus the term or terms of the other sentences consecutively imposed"); R.C. 2967.13(C) ("[A] prisoner serving consecutively two or more sentences in which an indefinite term of imprisonment is imposed becomes eligible for parole upon the expiration of the aggregate of the minimum terms of the sentences."); Ohio Adm.Code 5120-2-03(E)(1) (minimum term to be served when consecutive indefinite sentences imposed for offenses committed before July 1, 1996 is aggregate of the consecutive minimum terms).[4] *See also State ex rel Clark v. Ohio Dept. of Rehab. and Corr.*, 10th Dist. No. 89AP-837 (June 5, 1990) (noting the aggregation of minimum sentences prisoner had to serve before becoming parole eligible after additional sentence for escape conviction).

{¶ 9} Appellant was initially serving a life sentence with parole eligibility after serving twenty years. He then received an additional, consecutive prison sentence of 5 to 25 years for his escape conviction. In light of the above provisions, and specifically former R.C. 2967.13(I), the minimum prison term appellant had to serve before becoming parole

---

[4] These provisions clearly provide appellees the authority to aggregate sentences. We therefore reject appellant's claim that appellees could not aggregate his sentences without a court order.

eligible consisted of the aggregate of his consecutive minimum terms, which in this case was 25 years. Appellant was sentenced in 1994 and therefore was not eligible for parole in 2013.

## B. Conclusion

{¶ 10} Because appellant was not eligible for parole in 2013, his claims are meritless. Accordingly, the trial court properly granted summary judgment to appellees in this case. We overrule appellant's first and second assignments of error.

## III. Conclusion

{¶ 11} Our disposition of appellant's first and second assignments of error renders his third assignment of error moot. App.R. 12(A)(1)(c). Having overruled his first and second assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and BRUNNER, JJ., concur.

———————