[Cite as *State v. Bennett*, 2020-Ohio-3453.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                     :

    Plaintiff-Appellee,                      :

                                       Nos. 108700 and 108749

    v.                                                :

TIMOTHY BENNETT,                              :

    Defendant-Appellant.                   :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 25, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-14-585597-A and CR-17-623346-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Andrew J. Santoli and Brandon A. Piteo, Assistant Prosecuting Attorneys, *for appellee.*

Buckeye Law Office and Craig W. Smotzer; Marein & Bradley and Mark B. Marein, *for appellant.*

ANITA LASTER MAYS, J.:

{¶ 1} In this consolidated appeal, defendant-appellant, Timothy Bennett, also known as Timothy B. Bennett, II ("Bennett") appeals his prison sentences, and

asks this court to vacate and reverse, or modify his sentence. We affirm the trial court's decision.

{¶ 2} Bennett was charged in seven separate cases, Cuyahoga C.P. Nos. CR-12-268820, CR-13-578539, CR-14-585597, CR-15-599094, CR-15-596638, CR-15-601642, and CR-17-623346. For the purposes of this appeal, Bennett states the trial court erred when it sentenced him to a consecutive sentence and failed to properly grant jail-time credit involving Cuyahoga C.P. Nos. CR-14-585597, CR-15-601642, and CR-17-623346.

{¶ 3} In Cuyahoga C.P. No. CR-14-585597, Bennett pleaded guilty to two counts of trafficking, fifth-degree felonies, in violation of R.C. 2925.03; one count of trafficking with a school yard specification, a fourth-degree felony, in violation of R.C. 2925.03; and one count of possession, a fifth-degree felony, in violation of R.C. 2925.11. Bennett was sentenced to 48 months of community control sanctions. The trial court reserved a sentence of 12 months on each felony of the fifth-degree, and 18 months for the fourth-degree felony. Each count ran consecutively for a total of 66 months' imprisonment. On March 26, 2015, Bennett violated his community control sanctions. The trial court continued Bennett's community control to April 20, 2019, with a prior condition and modified conditions. Specifically, the trial court added 50 community work service hours to Bennett's conditions.

{¶ 4} In Cuyahoga C.P. No. CR-15-601642, the state charged Bennett with aggravated murder, murder, felonious assault, and having a weapon while under a disability. On March 1, 2017, upon the recommendation of the prosecutor, the trial

court dismissed the charges without prejudice. Bennett was arrested in December 2015, and was in custody until the charges were dismissed.

{¶ 5} In Cuyahoga C.P. No. CR-17-623346, Bennett pleaded guilty to one count of involuntary manslaughter, a third-degree felony, in violation of R.C. 2903.04(B); and one count of having a weapon while under disability, a third-degree felony, in violation of R.C. 2923.12. Bennett was sentenced to a 36-month sentence on the involuntary manslaughter count and both counts merged for the purposes of sentencing. The court also ordered Bennett to receive 209 days of jail-time credit on this sentence.

{¶ 6} After the imposition of the sentence in Cuyahoga C.P. No. CR-17-623346, the trial court found Bennett in violation of his community control in Cuyahoga C.P. No. CR-14-585597. The court terminated his community control and imposed prison sentences on all counts with four of the sentences to run consecutively and one sentence to run concurrently for an aggregate of 54 months' imprisonment. The trial court also ran the 54-month sentence consecutively in Cuyahoga C.P. No. CR-14-585597 to the 36-month prison sentence in Cuyahoga C.P. No. CR-17-623346, for a total of 90 months' imprisonment. The trial court credited Bennet with 1,191 days for jail-time credit, for a total of 1400 jail-time credit days on both sentences.

{¶ 7} Bennett assigns three errors for our review, as a result of this sentence, arguing that

I.   The trial court erred when it imposed discretionary consecutive sentences [in cases Cuyahoga C.P. Nos. CR-14-585597 and CR-17-623346] without supporting its findings as required by R.C. 2929.14 with evidence and facts from the record;

II.  The trial court erred in violation of appellant[']s right to equal protection by not crediting him with the time he served in jail before sentencing in the instant cases and to his sentence as a whole; and

III. The trial court erred by not crediting defendant-appellant with 982 days of jail-time credit as of the day of sentencing [in Cuyahoga C.P. Nos. CR-15-601642].

## I.   Consecutive Sentences

### A.   Standard of review

{¶ 8}   In Bennett's first of assignment of error, he argues that the trial court erred when it sentenced him to consecutive sentences without supporting its findings as required by R.C. 2929.14.

> When reviewing felony sentences, we apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1, 21-23. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it clearly and convincingly finds either (1) the record does not support certain specified findings, or (2) the sentence imposed is contrary to law.

> A sentence is "contrary to law" if the sentence falls outside the statutory range for the particular degree of offense, the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12 for individual sentence, or the trial court fails to make the findings required by R.C. 2929.14(C) for the imposition of consecutive sentences. *State v. Wilkins*, 8th Dist. Cuyahoga No. 107982, 2019-Ohio-4061, ¶ 20, 31-33. A matter is "clear and convincing" if it "'produce[s] in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 20, quoting *Cross v.*

*Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

*State v. Jackson-Williams*, 8th Dist. Cuyahoga Nos. 108516 and 108611, 2020-Ohio-1118, ¶ 61-62.

### B. Whether the Trial Court Erred when it Imposed Discretionary Sentences without Supporting its Findings as Required by R.C. 2929.14 with Evidence from the Record

{¶ 9} In order for the trial court to impose consecutive sentences under R.C. 2929.14(C)(4), the trial court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender, that such sentences are not disproportionate to the seriousness of the conduct and to the danger the offender poses to the public, and that at least one of the following also applies:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶ 10} The trial court must make the findings in open court and on the record at the sentencing hearing in order to comply with R.C. 2929.14(C)(4). Meaning, "'the [trial] court must note that it engaged in the analysis' and that it 'has considered the statutory criteria and specifie[d] which of the given bases warrants its decision.'" *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 26, quoting *State v. Edmonson*, 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (1999).

{¶ 11} We, as the reviewing court, must be able to discern that the record supports the trial court's findings. *State v. Davis*, 8th Dist. Cuyahoga No. 102639, 2015-Ohio-4501, ¶ 21, citing *Bonnell* at ¶ 29. A trial court is not, however, required to state its reasons for its findings, nor is it required to give a rote recitation of the statutory language, "provided that the necessary findings can be found in the record and are incorporated in the sentencing entry." *Bonnell* at ¶ 37.

{¶ 12} Bennett argues that the trial court erred when it ordered Bennett to serve consecutive sentences in Cuyahoga C.P. No. CR-14-585597 and did not support its findings as required by R.C. 2929.14(C)(4). The trial court stated,

> In [Cuyahoga C.P. No. CR-14-]585597, the defendant is found in violation of the community control in that case because of the plea and conviction in [Cuyahoga C.P. No. CR-17-]623346. The [c]ommunity [c]ontrol will be terminated. As to each of the three felonies of the fifth-degree, he will receive 12 months. Felony of the fourth-degree, 18 months. A total of 54 months. Those will all run consecutive. It's necessary to protect the public and punish the offender and it's not disproportionate, and the harm is so great or unusual that a single term does not adequately reflect the seriousness of the conduct.

(Tr. 117.)

**{¶ 13}** This court addressed a distinctly similar issue in *State v. Rosario*, 8th Dist. Cuyahoga No. 106119, 2018-Ohio-1203. The appellant argued that the court failed to make the mandatory findings necessary for imposing consecutive sentences under R.C. 2929.14(C)(4). In that case, the trial court stated, at sentencing, "[t]he court further finds that consecutive sentences in this case [are] necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct, to the danger the offender poses to the public." *Id.* at ¶ 14. Like Bennett, the appellant in *Rosario* also committed crimes while on community control, and the trial court found it necessary to impose consecutive sentences. In *Rosario*, this court held that "the court made the proper statutory findings to impose consecutive sentences and that these findings are supported by evidence in the record." *Id.* at ¶ 15.

**{¶ 14}** Although the trial court did not state verbatim that the "sentences are not disproportionate to the seriousness of the conduct and to the danger the offender poses to the public," this court previously held that

> "I do not find it's disproportionate," and "similar language has been deemed sufficient to constitute a finding that consecutive sentences are not disproportionate to the seriousness of a defendant's conduct and to the danger he poses to the public. *See State v. Greene*, 8th Dist. Cuyahoga No. 100542, 2014-Ohio-3713, ¶ 6 (finding the statement, "it is not a disproportionate sentence," to be sufficient, but barely, under R.C. 2929.14(C)(4)).

*State v. Moore*, 2014-Ohio-5135, 24 N.E.3d 1197, ¶ 25 (8th Dist.).

**{¶ 15}** The record in this instant case demonstrates that Bennett violated his community control sanctions twice, was found guilty of additional criminal offenses

in four other cases since being placed on community control sanctions, and committed offenses after more stricter sanctions were placed on him. In light of Bennett's criminal history, the findings are supported by the evidence in the record. Consistent with our decision in *Rosario*, we overrule the appellant's first assignment of error and find that the trial court did not err when it sentenced Bennett to serve his sentences consecutively.

## II. Jail-Time Credit

### A. Standard of review

{¶ 16} Bennett's assigned errors raise issues with his sentencing. "An appellate court must conduct a meaningful review of the trial court's sentencing decision. *State v. Johnson*, 8th Dist. Cuyahoga No. 97579, 2012-Ohio-2508, ¶ 6, citing *State v. Hites*, 3d Dist. Hardin No. 6-11-07, 2012-Ohio-1892." *State v. Williams*, 8th Dist. Cuyahoga No. 105903, 2018-Ohio-1297, ¶ 8.

> R.C. 2953.08(G)(2)(a) compels appellate courts to modify or vacate sentences if they find by clear and convincing evidence that the record does not support any relevant findings under "division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code." *See State v. Belew*, 140 Ohio St.3d 221, 2014-Ohio-2964, 17 N.E.3d 515, ¶ 12 (Lanzinger, J., dissenting from the decision to dismiss the appeal as having been improvidently accepted) ("R.C. 2953.08(G)(2) repudiates the abuse-of-discretion standard in favor of appellate review that upholds a sentence unless the court of appeals clearly and convincingly finds that the record does not support the trial court's findings").

*State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22.

**B. Whether the Trial Court Erred in Violation of Appellant's Right to Equal Protection by not Crediting him with the Time he Served in Jail Before Sentencing in the Instant Cases and to his Sentence as a Whole**

{¶ 17} In two separate assignments of error, Bennett argues that the trial court erred by applying his jail-time credit incorrectly. In the second assignment of error, Bennett contends that the trial court erred by applying his jail-time credit to separate sentences instead of on the whole sentence. The trial court granted Bennett 209 days on Cuyahoga C.P. No. CR-17-623346 and 1191 days on Cuyahoga C.P. No. CR-14-585597, which is reflected in each of the journal entries.

{¶ 18} Bennett was credited for the time he spent in jail prior to the sentencing on the cases. The cases do not overlap and are unrelated.

> Time spent in confinement, either prison or jail, for unrelated cases or awaiting trial and sentencing on an unrelated case cannot be counted towards another case. The Ohio Supreme Court highlighted this point in *State v. Cupp*, 156 Ohio St.3d 207, 2018-Ohio-5211, 124 N.E.3d 811, ¶ 23. There, it ruled that "[a] defendant is not entitled to jail-time credit while held on bond if, at the same time, the defendant is serving a sentence on an unrelated case." *Id.* at the syllabus.

*State ex rel. McPherson v. Chambers-Smith*, 8th Dist. Cuyahoga No. 109131, 2020-Ohio-193, ¶ 12.

{¶ 19} R.C. 2967.191 requires the Ohio Department of Rehabilitation and Correction to "reduce" the prison term of a prisoner "by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced." In *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, the Ohio Supreme Court noted that "[w]hen a

defendant is sentenced to consecutive terms, the terms of imprisonment are served one after another, [and] jail-time credit applied to one prison term gives full credit that is due, because the credit reduces the entire length of the prison sentence." The important point is that the consecutive sentence is reduced by the full amount of jail-time credit. Neither R.C. 2967.191 nor *Fugate* prohibit a court from dividing the full amount of jail-time credit between two or more case numbers. The only requirement is that the defendant's aggregate sentence be reduced by the full amount of jail-time credit.

{¶ 20} Bennett cites *Zanders v. Anderson*, 10th Dist. Franklin No. 03AP-888, 2004-Ohio-5160, and *State v. Whitaker*, 4th Dist. Ross No. 02CA2691, 2003-Ohio-3231, for the proposition that the jail-time credit must be applied to the whole sentence rather than on separate individual sentences. However, neither of these cases support this proposition. They hold, as the Ohio Supreme Court held in *Fugate*, that the defendant is entitled to a reduction of his entire consecutive sentence by the full amount of jail-time credit. In *Whitaker*, the defendant sought to have the full amount of jail-time credit applied separately to multiple convictions, which would have resulted in application of multiple times the full amount of jail-time credit. In rejecting this argument, the *Whitaker* court explained that "Whitaker is not entitled to multiple jail-time credit." *Id.* at ¶ 9.

{¶ 21} The trial court in this case applied the full amount of jail-time credit to the entire sentence by dividing the full amount of credit between two cases. It reduced the aggregate sentence by the full amount of jail-time credit as required by

R.C. 2967.191. Therefore, the trial court did not err in dividing jail-time credit between the two cases because Bennett effectively received the full amount of credit on the aggregate sentence.

{¶ 22} In Bennett's third assignment of error,[1] he argues that the trial court erred in applying 209 days of jail-time credit in Cuyahoga C.P. No.CR-17-623346. Bennett contends that he was in custody in Cuyahoga C.P. No. CR-601642 from December 1, 2015, until April 10, 2017, for a total of 497 days. Bennett also contends that Cuyahoga C.P. No. CR-601642 was dismissed in 2017, he was reindicted in Cuyahoga C.P. No. CR-623346 and arrested on February 7, 2018. Bennett contends that he was in Cuyahoga County custody until June 18, 2019, for a total of 498 days.[2] (Appellant's brief at p. 3.) Bennett contends that the trial court erred by not granting him 982 days of jail-time credit.

{¶ 23} Bennett seemed to ask for credit on Cuyahoga C.P. No. CR-15-601642, a case where he was charged in a five-count indictment. However, upon the recommendation from the prosecutor, the court dismissed the case without prejudice. The mandatory language of R.C. 2967.191 requires that the trial court calculate credit for any time of incarceration that arises out of the offense for which Bennett was convicted and sentenced. *State v. Gregory*, 108 Ohio App.3d 264, 670 N.E.2d 547 (1st Dist.1995). *See also* R.C. 2967.191. Bennett was not convicted or

___

[1] Sole assignment of error from Bennett's consolidated case in 8th Dist. Cuyahoga No. 108749.

[2] The total days in brief equal 995 days. However, Bennett's assignment of error request 982 days. Using the sentencing date of June 5, 2019 would total 982.

sentenced in CR-15-601642, and therefore, he is not eligible to receive jail-time credit on that case.

{¶ 24} However, Bennett was awarded a total of 1,400 days in jail-time credit; 209 days in Cuyahoga C.P. No. CR-17-623346 and 1,191 days in Cuyahoga C.P. No. CR-14-585597. The trial court already included the 982 days Bennett is requesting in its award of 1,191 days in Cuyahoga C.P. No. CR-14-585597. Bennett cannot be awarded an additional 982 days in Cuyahoga C.P. No. CR-17-623346. As previously stated, the trial court can apply the jail-time credit to separate cases as long as the full-time credit is awarded. The trial court, in this case, awarded the full amount of 1,400 days of jail-time credit by awarding 209 days in one case and 1,191 days in the other case.

{¶ 25} Therefore, Bennett's second and third assignments of error are overruled.

{¶ 26} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, JUDGE

EILEEN T. GALLAGHER, A.J., and
PATRICIA ANN BLACKMON, J., CONCUR