[Cite as *State ex rel. Stokes v. Ohio Dept. of Rehab. & Corr.*, 2023-Ohio-468.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Patrick O. Stokes, | : | |
| Relator, | : | No. 21AP-482 |
| v. | : | (REGULAR CALENDAR) |
| Ohio Department of Rehabilitation and Correction et al., | : | |
| | : | |
| Respondents. | : | |
| | : | |

D E C I S I O N

Rendered on February 16, 2023

**On brief:** *Patrick O. Stokes*, pro se.

**On brief:** *Dave Yost*, Attorney General, *William Case*, and *George Horvath* for Respondents.

IN MANDAMUS
ON MOTIONS

JAMISON, J.

{¶ 1} Relator, Patrick O. Stokes ("Stokes"), brings this action in mandamus demanding respondents, Ohio Department of Rehabilitation and Correction ("ODRC") and the Bureau of Sentence Computation ("BOSC"), to correctly compute his multiple sentences. For the reasons below, we deny the writ of mandamus.

I. Facts and Procedural History

{¶ 2} Stokes was convicted and sentenced on November 5, 1996 to three consecutive life sentences for violations of rape, R.C. 2907.02; a 10-to-25 year indefinite sentence for a violation of aggravated robbery, R.C. 2911.02; and a 10-to-25 year indefinite

sentence for a violation of kidnapping, R.C. 2905.01. Each count is to run consecutive to the other.

{¶ 3} The BOSC determined that, pursuant to Ohio Adm.Code 5120-2-03, the aggravated robbery and kidnapping sentences were diminished to a 15-year aggregate minimum sentence, and that pursuant to Ohio Adm.Code 5120-2-10, Stokes became eligible for parole consideration for each life sentence after serving ten full years in prison. As a result, Stokes will first become eligible for parole consideration after serving 45 years.

{¶ 4} Stokes challenged the computation of his aggregate minimum sentences, arguing that his total aggregate minimum sentence should be 15 years, and filed the instant mandamus action seeking a writ to compel the BOSC to correctly compute his sentences.

{¶ 5} Pursuant to Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate of this court. On November 12, 2021, respondents filed a motion to dismiss. On February 10, 2022, the magistrate issued the appended decision, including findings of fact and conclusions of law, and recommended that this court deny the writ and dismiss the action.

{¶ 6} Stokes has filed timely objections to the magistrate's decision, and the ODRC and BOSC have responded to Stokes' objections and requested the matter be dismissed.

{¶ 7} On March 30, 2022, Stokes filed a motion for the court to recast respondents' response in opposition to his objections to the magistrate's decision and to strike as an untimely filing. On June 1, 2022, Stokes filed a motion to clarify magistrate's decision. On June 9, 2022, Stokes filed a motion to strike irrelevant matter outside the subject matter of the complaint. On September 20, 2022, Stokes filed a motion for court to take judicial notice. On February 1, 2023, Stokes filed a motion to prohibit court from considering unsupported legal conclusions as admitted.

## II. STANDARD OF REVIEW

{¶ 8} To obtain a writ of mandamus, a relator must show, by clear and convincing evidence, that the "relator has a clear legal right to the requested relief, respondent has a clear legal duty to provide this relief, and the relator lacks an adequate remedy in the ordinary course of law." *State ex rel. Copeland v. Ohio Dept. of Rehab. & Corr.,* 8th Dist. No. 110667, 2021-Ohio-3464, ¶ 5. This court must consider if Stokes is entitled to a recalculation of his sentences. If there is no legal right to a recalculation, this action fails.

### III.  LEGAL ANALYSIS

{¶ 9}   Pursuant to the version of R.C. 2907.02 in effect at the time, if a defendant used force or the threat of force against a victim under the age of 13, the defendant "shall be imprisoned for life."  Stokes was sentenced to a life term in prison, which only ends when his life ends.  There is no statutory minimum sentence.

{¶ 10} An inmate will be considered for parole and have his record reviewed when he has served the statutorily calculated minimal prison time.  Ohio Adm.Code 5120-2-10 was promulgated to provide guidance for inmates with life sentences regarding diminution of sentence and parole issues.  Ohio Adm.Code 5120-2-10(H)(1) states that a prisoner serving a life sentence for a violation of R.C. 2907.02 against a victim less than 13 years of age committed before July 1, 1996 becomes "eligible for parole consideration after serving ten full years."  It does not modify his sentence by adding a minimum term of ten years and changing the sentence to ten years to life.

{¶ 11} If a trial court imposes multiple indefinite consecutive sentences upon a defendant, the sentences are required to be aggregated.  *Zanders v. Anderson*, 10th Dist. No. 03AP-888, 2004-Ohio-5160, ¶ 16.  Pursuant to the version of R.C. 2929.41 in effect, the aggregate minimum term is capped at 15 years.  Ohio Adm.Code 5120-2-03 effectively codifies R.C. 2929.41 and provides for a 15-year aggregate minimum sentence for the aggravated robbery and kidnapping charges.  Neither R.C. 2929.41 nor Ohio Adm.Code 5120-2-03 apply to life sentences.

{¶ 12} Pursuant to Ohio Adm.Code 5120-2-10, Stokes becomes eligible for parole consideration on the life sentences after serving ten years on each conviction, or for a period of 30 years.  When combined with the 15-year aggregate minimum sentence for aggravated robbery and kidnapping, Stokes must first serve 45 years before he can be considered for parole.

{¶ 13} Stokes contends that because the life terms do not have minimum terms, the aggregate minimum term for all convictions is 15 years.  Therefore, Stokes alleges that the BOSC has improperly aggregated his sentences by adding ten-year minimum sentences to the life sentences and therefore miscalculated his aggregate minimum sentence.

{¶ 14} When an offender is sentenced to a non-life indefinite prison term, "it is rebuttably presumed that the offender will be released from service of the sentence on the

expiration of the minimum prison term imposed as part of the sentence or on the offender's presumptive earned early release date, as defined in section 2967.271 of the Revised Code, whichever is earlier."  R.C. 2929.19(B)(2)(c)(i).

{¶ 15}  A minimum prison term is defined as "the minimum prison term imposed on an offender under a non-life felony indefinite prison term," with the appropriate diminution of sentence.  R.C. 2967.271(A)(1).  The Supreme Court of Ohio concluded the term "minimum," as used in the statutory provisions in R.C. Chapter 2967, to apply only to an indefinite sentence, a sentence that has both a minimum and a maximum range for the term of imprisonment.  *Pollock v. Ohio Adult Parole Auth.*, 10th Dist. No. 01AP-839, 2002 Ohio App. LEXIS 1289 (Mar. 21, 2002).

{¶ 16}  Because "the statute by its terms applies only to sentences that have a 'minimum term,' former [R.C. 2929.41] applies only to indefinite sentences." *Pollock* at 11.  Accordingly, a life sentence with no minimum term falls outside the scope of the statutory language.  *See McMeans v. Ohio Adult Parole Auth.*, 10th Dist. No. 98AP-42, 1998 Ohio App. LEXIS 5331 (Oct. 27, 1998) (the absence of a minimum term in a sentence placed the sentence outside the ambit of a sentencing statute that capped multiple minimum terms).

{¶ 17}  To view it another way, there is no minimum sentence for the life term imposed upon Stokes in 1996; it is a full life sentence.  The legislature clearly intended that "a person who forcibly rapes a child under thirteen years must serve a life term in prison without any minimum term." *State v. Gregory*, 8 Ohio App.3d 184, 185-86 (1st Dist.1982).

{¶ 18}  "Crimes are statutory, as are the penalties therefor, and the only sentence which a trial court may impose is that provided by statute.  A court has no power to substitute a different sentence for that provided for by statute or one that is either greater or lesser than that provided for by law." *Colegrove v. Burns*, 175 Ohio St. 437, 438 (1964).

{¶ 19}  We believe that Stokes' three consecutive life sentences with no minimum term carries a presumption of parole eligibility after 30 years.  The parole eligibility determination for the three life terms did not change the trial court sentence in any way. What it does is provide some hope to inmates that they will be released.  Defining a sentence as ten years to life has the effect of setting as part of the sentence the minimum term from which parole eligibility can be computed.  *State v. Smith*, 89 Ohio App.3d 497, 500 (10th

Dist.1993).   The language amounts to a "distinction without a difference."  *State v. Leegrand,* ___ Ohio St.3d ___, 2022-Ohio-3623, ¶ 5.

{¶ 20} We disagree with Stokes that his three life sentences have been modified by adding a ten-year minimum term to each sentence and therefore increased his aggregate minimum sentence by 30 years.  He was properly sentenced in accordance with the law, and that sentence has not been modified.  Thus, he is not entitled to a recalculation of his sentence.

{¶ 21} In his March 30, 2022 motion, Stokes attempts to recast respondents' response to his objections as a reply brief to respondents' motion to dismiss.  That motion has been ruled on by the magistrate, and the motion is denied for mootness.  Stokes' remaining motions, filed June 1, 2022, June 9, 2022, September 20, 2022, and February 1, 2023, are all hereby denied.

## IV.  CONCLUSION

{¶ 22} Following an independent review of the magistrate's decision and the objection filed by Stokes, we find that the magistrate has determined the pertinent facts and properly applied the relevant law.  Accordingly, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein.  For the reasons set forth in the magistrate's decision adopted herein, Stokes' objection is overruled, respondents' motion to dismiss is granted, Stokes' motions are denied, and petition for a writ of mandamus is denied.

*Objection overruled;*
*writ of mandamus denied.*

BEATTY BLUNT, P.J. and MENTEL, J., concur.

_____

APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Patrick O. Stokes,       :

       Relator,       :

v.       :       No. 21AP-482

Ohio Department of Rehabilitation       :       (REGULAR CALENDAR)
[and] Correction et al.,

       :

       Respondents.

       :

---

## M A G I S T R A T E ' S   D E C I S I O N

Rendered on February 10, 2022

---

*Patrick O. Stokes,* pro se.

*Dave Yost,* Attorney General, and *William Case*, and *George Horvath*, for respondents.

---

IN MANDAMUS
ON MOTIONS

{¶ 23} Relator, Patrick O. Stokes, seeks a writ of mandamus compelling respondents Ohio Department of Rehabilitation and Correction ("ODRC") and Bureau of Sentence Computation ("BOSC") to recalculate relator's aggregate minimum sentence, which relator contends does not properly reflect the sentence imposed at his criminal trial.

<u>Findings of Fact:</u>

{¶ 24} 1. Pursuant to proceedings in the court of common pleas for Cuyahoga County, a jury convicted relator of three counts of rape in violation of R.C. 2907.02, one count of kidnapping in violation of R.C. 2905.01, one count of aggravated robbery in

violation of R.C. 2911.01, two counts of importuning in violation of R.C. 2907.07, two counts of indecency in violation of R.C. 2907.09 (all counts and statutory references applicable as of the time of sentencing). The sentencing entry was time stamped on November 26, 1996. (Relator's Complaint, Ex. A.)

{¶ 25} 2. Relator's complaint in the present mandamus action asserts, and respondents do not contest, that the offenses charged took place before the effective date of July 1, 1996, for Ohio's Senate Bill No. 2 as enacted by the 121st General Assembly ("S.B. 2"), which extensively modified Ohio's criminal sentencing law for crimes committed on or after that date.

{¶ 26} 3. The criminal sentencing entry sentenced relator as follows:

> It is therefore, ordered and adjudged by the court that said defendant, Patrick O. Stokes, is sentenced [to] Lorain [Correction] Institution to life in counts 1, 2, & 3; each life sentence consecutive with each other and 10 [years] to 25 [years on counts] 4 & 6 (actual incarceration) consecutive with each other and also consecutive with the life sentences, but concurrent with the sentences to be served in Cuyahoga County Jail of 6 months on each [count] of 7 & 9 and 30 days on each of [counts] 8 & 10. Pay court costs. Given credit for 189 days jail time served. No shock/no super shock probation. Given rights rule 32. Court appoints attorney Bob Walton to handle appeal. Court orders transcript at state[']s expense. #233-6484.

(Relator's Ex. A.)

{¶ 27} 4. Pursuant to his criminal conviction, relator is an inmate in the custody of ODRC at Marion Correctional Institution in Marion, Ohio as of the time of filing this mandamus complaint.

{¶ 28} 5. Respondent BOSC is a division of ODRC. BOSC is tasked with applying an inmate's criminal sentence as stated by the sentencing court to establish the inmate's term of incarceration. ODRC and BOSC maintain their principal places of business in Franklin County, Ohio.

{¶ 29} 6. The Ohio Adult Parole Authority ("OAPA") is a division of ODRC tasked with the duty and authority to address inmate parole, release, and revocation proceedings pursuant to R.C. 5149.01 et seq. OAPA relies on BOSC calculations in determining inmate eligibility for parole hearings and parole release.

{¶ 30} 7. BOSC currently calculates relator's aggregate sentence as 45 years to life. BOSC arrives at this aggregate sentence by considering relator's three rape convictions as carrying a 10-year minimum (a "full" 10, with no eligibility for good-time reduction) pursuant to Ohio Adm.Code 5120-2-10(H)(1) and, thus, as 10 years to life, and the 10-to-25-year sentences for aggravated robbery and kidnapping as cumulated with a 15-year cap pursuant to R.C. 2929.41(E)(2), all sentences to be served consecutively with each other.

{¶ 31} 8. Relator has repeatedly objected in communications with BOSC regarding the inclusion of multiple consecutive 10-year minimums for his rape convictions. Relator pursued a declaratory judgment action in the Cuyahoga County Court of Common Pleas in 2019 to correct his sentence; that action was dismissed for failure to state a claim. Cuyahoga C.P. No. CV19-915804 (Feb. 7, 2020, Jgmt. Entry), a*ffd.*, *Stokes v. Ohio Dept. of Rehab. & Corr.,* 8th Dist. No. 109569, 2021-Ohio-316.

{¶ 32} 9. In response to his inquiries, relator received the following letter dated March 6, 2006 from BOSC:

> This is in response to your letter concerning your first hearing date.
>
> You were sentenced to 10 full years to life on 3 counts consecutively for Rape. This 30 years is also consecutive to the 10-25 years for Aggravated Robbery and Kidnapping which are also consecutive. Therefore your sentence to your first statutory hearing is 30 full consecutive with 15 years diminished less 196 days of jail time credit.
>
> Therefore your first hearing date is October 13, 2036.

(Relator's Complaint, Ex. F.)

{¶ 33} 10. Relator continued his inquiries and ultimately received the following communications in 2021:

> Mr. Stokes,
>
> I have reviewed your file and, this is what I have found:
> You were sentenced under SB261. Your sentence was as follows:
> 3 Counts of Rape – Life consecutive to each other
> Kidnapping – 10 years mandatory to 25 years

Agg. Robbery – 10 years mandatory to 25 years
All counts were order[ed] to be served consecutively to one another.
Under HB261 when someone was sentenced to Life, they received a 10 full minimum sentence which was used to calculate when they would be eligible to go in front of the parole board. "Full" means that the time is not diminished for good time. So, for 3 consecutive counts, that would be 30 Full to Life. For the 2 sentences of 10 years Mandatory to 25 years, we would diminish the 10 years so for two 10 year mandatory to 25 years, that would be 15 Actual Incarceration (Mandatory) years to 50 years.

Since all counts are ordered consecutive, which means we have to add them all together, your aggregate sentence is30
Full 15 Al Life. That is why you are seeing the 45 (30 Full 15 Al) years to Life.

I hope you finding this information helpful.

S. Blankenburg/BOSC

* * *

Mr. Stokes,

This question has been asked and answered. I took the time to explain everything in my first response so, please refer back to the explanation and calculation that was provided earlier. Just because I indicated that you would see the parole board at the time that your minimum expires does not mean that it is not the calculation for your minimum sentence... they are one in the same.

I am including a snippet from the Ohio Administrative Rule, 5120-2-10, Life Sentence. It may help you understand that the 10 years on the Life is what we are supposed to do.

(H) A prisoner serving a sentence of imprisonment for life imposed pursuant to division (B) of section 2907.02 of the Revised Code for the crime of rape committed against a victim under the age of thirteen or imposed pursuant to division (B) of section 2901.12 of the Revised Code for the crime of felonious sexual penetration committed by force or threat of force against a victim under the age of thirteen, where the offense was committed prior to July 1, 1996.

(1) Becomes eligible for parole consideration after serving ten
full years:
I hope you find this information helpful.
S. Blankenburg/BOSC

(Relator's Complaint, Ex. K2.)

{¶ 34} 11. Relator filed his complaint seeking a writ of mandamus from this court on September 27, 2021. His complaint expressly states that relator does not seek to modify through this action the date on which BOSC, ODRC, and OAPA will consider him eligible for a parole hearing: "This is not an action regarding the determination of Relator's parole eligibility date." (Relator's Complaint at ¶ 1.) Relator instead seeks a writ "ordering the Respondents * * * to recalculate his multiple sentences, pursuant to proven authorized Ohio law at the time Relator's crimes were committed, based on the sentencing order imposed by the Court, as journalized in the Court's Sentencing Journal Entry, and without any unauthorized modifications or additions to the Court's sentencing order." (Relator's Complaint at 4.)

Discussion and Conclusions of Law:

{¶ 35} The magistrate first notes that relator filed on January 18, 2022 a motion to set aside the magistrate's previously entered discovery stay entered December 9, 2021. On January 19, 2022, the court struck relator's motion to set aside. On January 11, 2022, relator filed a motion for relief from judgement pursuant to Civ.R. 60(B) from the magistrate's order staying discovery. On January 25, 2022, the court struck relator's motion as an inappropriate vehicle to challenge a magistrate's order. On February 1, 2022, relator moved for a stay of the pending motion to dismiss to allow resolution of relator's motion for relief from judgment filed January 11, 2022. The magistrate now denies relator's February 1, 2022 motion for stay, which is unnecessary because the court has stricken the underlying motions.

{¶ 36} The matter is before the magistrate on respondent's motion to dismiss for failure to state a claim upon which relief can be granted. A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim is procedural and tests the sufficiency of the complaint itself and any documents attached thereto, and does not invoke reference to the record or other materials. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d

545 (1992), citing *Assn. for Defense of Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). Attachments to the complaint are considered part of the complaint for all purposes. Ohio Civ.R. 10(C).

{¶ 37} A court must presume all factual allegations contained in the complaint to be true and must make all reasonable inferences in favor of the nonmoving party. *Jones v. Greyhound Lines, Inc.*, 10th Dist. No. 11AP-518, 2012-Ohio-4409, ¶ 31, citing *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190 (1988). "In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union, Inc.,* 42 Ohio St.2d 242 (1975), syllabus. "[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145 (1991). The court need not, however, accept as true any unsupported and conclusory legal propositions advanced in the complaint. *Morrow v. Reminger & Reminger Co. L.P.A.*, 183 Ohio App.3d 40, 2009-Ohio-2665, ¶ 7.

{¶ 38} To obtain a writ of mandamus, a relator must show a clear legal right to the relief sought and a clear legal duty on the part of the respondent to provide that relief, in conjunction with the absence of a plain and adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967); *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983). Jurisdiction and venue for an original action in mandamus lie with this court pursuant to the Ohio Constitution, Article IV, Section 3(B)(1)(b), R.C. 2731.02, and R.C. 149.43(C)(1)(b).

{¶ 39} Relator's complaint specifies that he does not seek to alter his parole eligibility date, but seeks to revise the minimum sentence as stated in BOSC records from 45 years to life to 15 years to life. Relator makes a distinction between the minimum term served before eligibility for parole, and a minimum stated sentence. Relator believes that, because the trial court's sentencing entry specifies only a life sentence and does not express a minimum term for each of the three rape counts, the only minimum sentences that apply to calculate his aggregate minimum sentence are the 10-to-25 year sentences

for aggravated robbery and kidnapping. All sentences being served consecutively, relator believes that his aggregate sentence is no more than 20 years to life.

{¶ 40} BOSC generally argues that relator is preoccupied with pursuing a distinction without a difference, and that BOSC has correctly examined the sentencing entry and applicable law to ascertain the only accurate and useful number to be applied as a minimum sentence in relator's case with a view toward parole eligibility.

{¶ 41} Because the magistrate finds that relator provides no authority or rationale for making the distinction he seeks, and his minimum sentence as calculated by BOSC would change only for purposes of altering his parole eligibility (a goal he expressly disavows in this action), the magistrate concludes that the court should dismiss the action and thereby deny the writ.

{¶ 42} Relator's rape convictions were in violation of former R.C. 2907.02(B), involving a victim under the age of 13. (Complaint at 2.) Relator was sentenced under the sentencing statutes as they existed at the time he committed his offenses. Under former R.C. 2907.02(B), an offender who has violated R.C. 2907.02(A)(1)(b), committing a crime against a person less than 13 years of age and compelling the victim to submit by force or threat of force, shall be imprisoned for life. The statute giving no further direction as to the sentence, the trial court imposed a life term with no stated minimum. BOSC has followed Ohio Adm.Code 5120-2-10, promulgated to address parole eligibility for pre-S.B. 2 inmates, to apply a parole eligibility minimum for these life sentences with no statutorily stated minimum: "A prisoner serving a sentence of imprisonment for life pursuant to division (B) of section 2907.02 of the Revised Code for the crime of rape committed against a victim under the age of thirteen * * * where the offense was committed prior to July 1, 1996 * * * [b]ecomes eligible for parole consideration after serving ten full years." Ohio Adm.Code 5120-2-10(H)(1).

{¶ 43} Under former R.C. 2929.41(C)(1), governing multiple sentences "the minimum term to be served is the aggregate of the consecutive minimum terms imposed, and the maximum term to be served is the aggregate of the consecutive maximum terms imposed." *See Cromety v. Mohr,* 10th Dist. No. 15AP-1127, 2016-Ohio-5947, ¶ 8-9. The statute then specified various caps when aggregating consecutive minimum terms, including the following for non-murder felonies: "Consecutive terms of imprisonment

imposed shall not exceed: * * * An aggregate minimum term of fifteen years [plus firearm specifications] when the consecutive terms imposed are for felonies other than aggravated murder or murder." R.C. 2929.41(E)(2). BOSC applied this section to cap the aggregation of relator's two consecutive 10-to-25 year sentences for kidnapping and aggravated robbery. BOSC did not address the applicability of this cap to relator's rape sentences, essentially treating the two non-rape offenses as a subcumulation and the rape offenses as exempt from the cap, arriving at a minimum term of 10+10+10+15=45 years.

{¶ 44} Again, relator maintains that he is not seeking a recalculation of his parole eligibility date under R.C. 2967.13 and applicable regulations. He seeks a restatement by BOSC of his aggregate minimum sentence *aside* from earliest parole eligibility. However, BOSC's current sentence computations are entirely directed toward that question, and the magistrate is therefore constrained to consider only whether the court can grant relief through a writ directed to BOSC addressing other matters than a recalculation of relator's parole eligibility.

{¶ 45} The trial court's sentencing entry speaks for itself regarding the sentence imposed and may not be disturbed here. All subsequent calculations by BOSC interpret that sentence with an eye toward parole issues. The court on the present complaint, therefore, should not reach the colorable question of whether the parole eligibility minimums of Ohio Adm.Code 5120-2-10(H)(1) may not supersede the statutory cumulation limits of R.C. 2929.41(E)(2). Nor can the court consider the issue of whether the sentence for rape under former law should be read as "zero to life," as desired by relator, or "life with a minimum to be supplied by parole board regulations," as impliedly read by BOSC. Both issues are exclusively concerned with parole eligibility, which relator professes not to contest. This court is then left with a complaint that excludes any remedy.

{¶ 46} The magistrate therefore finds that relator has failed to state a claim on the face of his complaint and the attachments thereto, and it is the decision and recommendation of the magistrate that respondents' motion to dismiss be granted and no writ shall issue in this case. Relator's pending December 3, 2021 motion for findings of fact and conclusions of law is granted. Relator's pending December 3, 2021 motion to compel discovery is denied.

/S/ MAGISTRATE
MARTIN L. DAVIS

**NOTICE TO THE PARTIES**

1.        Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).